UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONI S. LEMLY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-529** |
| **ST. TAMMANY PARISH HOSPITAL DISTRICT NO. 1** *d/b/a* **ST. TAMMANY PARISH HOSPITAL** | **SECTION "T"** |

**ORDER AND REASONS**

Before the Court is Plaintiff Toni S. Lemly's Motion for Remand [Rec. Doc. No. 5]. Defendant St. Tammany Parish Hospital opposes the motion based on the federal claims present in the Amended Complaint. [Rec. Doc. No. 12]. The Court is apprised of the case and has considered the parties' briefs as well as the documents supporting the Complaint. For the following reasons the motion is DENIED.

**I. BACKGROUND**

On May 19, 2005, Plaintiff filed a Petition for Damages alleging religious discrimination. [Rec. Doc. No. 1-3]. Defendant removed the case on January 29, 2007. [Rec. Doc. No. 1]. On

March 9, 2007 the Plaintiff filed a motion to remand the case, alleging that there is no federal jurisdiction over the matter. [Rec. Doc. No. 5].

The Plaintiff claims that the Defendant unlawfully terminated her from her position as a licensed practical nurse for her refusal to distribute the morning after pill because of her religious beliefs. [Rec. Doc. No. 1-3, pg. 4]. The original Complaint claimed that the Defendant's actions were in violation of the Louisiana Employment Discrimination Law. La. R.S. 23:301 *et. seq.* However, the Plaintiff amended the Complaint on November 27, 2006 to allege that she is a third party beneficiary to the contract ("the Contract") between the Defendant and the State of Louisiana Department of Health and Hospitals to fund and operate the Defendant's Community Wellness Center. [Rec. Doc. No. 1-11, pg. 1]. Paragraph 1 of the Contract states:

> *Contractor hereby agrees to adhere to the mandates dictated by Title VI and VII of the Civil Rights Act of 1964 [...] Contractor agrees not to discriminate in the rendering of services to and/or employment of individuals because of race, color, religion, sex, age, national origin, handicap, political beliefs, disabled veteran, veteran status, sexual orientation, or any other non-merit factor.*

[Rec. Doc. No. 1-6, pg. 1].

Because the Contract cites Title VII of the Civil Rights Act, a federal statute, the Defendant argues the case should remain in federal court based on the federal claims present in the Amended Complaint.

## II.     LAW AND ANALYSIS OF THE COURT

Federal district courts have jurisdiction when a matter arises under the Constitution, laws, and treaties of the United States. 28 U.S.C.A. § 1331. If a case involves a federal statute then it

arises under federal law and is removable to federal court. 28 U.S.C.A. § 1441(b). To determine whether there is a federal question, one looks to the Plaintiff's complaint, including all voluntary amendments. *Beneficial National Bank v. Anderson,* 539 U.S. 1, 7 (2003).

Here the Plaintiff amended the complaint to include a religious discrimination claim based on the Contract between the Defendant and the State of Louisiana, citing herself as a third party beneficiary. [Rec. Doc. No. 1-11, p.1]. Paragraph 1 of the Contract states that the "Contractor hereby agrees to adhere to the mandates dictated by Titles VI and VII of the Civil Rights Act of 1964 [...]." [Rec. Doc. No. 1-6, p.1]. Title VII of the Civil Rights Act is clearly a federal statute that requires any case arising under it to be brought in federal court. Therefore, assuming that the Plaintiff is a third party beneficiary, she must prove that the Defendant violated Title VII to succeed in her claim.

The Plaintiff argues that the only provision of the Contract that she wishes to enforce is the second sentence of Paragraph 1 stating that, "Contractor agrees not to discriminate in the rendering of services to/and or employment of individuals because of race, color, religion, [..] or any other non merit factor," and was not asserting the preceding sentence referencing the Civil Rights Act or any other federal statute. [Rec. Doc. No. 18, pg. 2]. The Plaintiff argues further that because the Contract was not attached to the amended Complaint then it should not be used to determine whether or not there is federal jurisdiction. *Id.* Regardless of whether the Contract was attached to the Amended Complaint, the Contract clearly asserts federal law as governing the actions of the Defendant, and the Plaintiff is clearly relying on federal law to support her claim to relief based on that Contract. The sentence that the Plaintiff cites is not distinguishable from the preceding sentence

citing federal law and is arguably used to clarify the nature of the aforementioned federal statutes. Because the Plaintiff amended her Complaint to include the Contract, she has stated a claim arising under federal law which this Court has jurisdiction to hear.[1]

Accordingly, **IT IS ORDERED** that the Motion for Remand, filed on behalf of the Plaintiff, Toni S. Lemly, is hereby **DENIED.**

New Orleans, Louisiana, this 24th day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.

---

[1] The Plaintiff also claims that Paragraph 16 of the Contract, which states "Any contract disputes will be interpreted under applicable Louisiana laws in Louisiana administrative tribunals or district courts as appropriate," precludes federal jurisdiction. [Rec. Doc. No. 18, pg. 3]. However, this paragraph is a forum selection clause that limits disputes to Louisiana courts, it does not limit federal jurisdiction.