UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TONI S. LEMLY                                CIVIL ACTION

VERSUS                                       NO. 07-529

ST. TAMMANY PARISH HOSPITAL                  SECTION "R" (3)
DISTRICT NO. 1 *d/b/a* ST.
TAMMANY PARISH HOSPITAL

                         **ORDER AND REASONS**

    Before the Court is defendant's motion for summary judgment. For the following reasons, the Court GRANTS the motion in part and REMANDS the remaining claim to state court.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

    In August 2003, plaintiff Toni Lemly was hired to work as a licensed practical nurse (LPN) in the Community Wellness Center (the "Center") of St. Tammany Parish Hospital (the "Hospital"). She worked five days a week as an immunization coordinator at the Center. (R. Doc. 25-1 at 15). In December 2003, shortly after Lemly began her job at the Center, the Hospital contracted with the Louisiana Department of Health and Hospitals to provide family planning services on Thursdays and Fridays to patients at the Center. The family planning services to be provided included counseling patients about emergency contraception, commonly known as the morning-after pill. (R. Doc. 22-5 at 8).

About three to four weeks before the Family Planning Clinic opened, plaintiff learned that on Thursdays and Fridays she would be required to counsel patients on the morning-after pill and distribute it to them.  Plaintiff informed the Center that she could not perform these job duties because of her religious beliefs.  On May 13, 2004, she sent the Director of the Center an email that stated:

> I have an innate, deep seeded belief in [the] Supreme Holy God and I am one of His children.  I believe He teaches that life is precious and He is the Creator, Giver, and Taker of life.  This is not left to man's choice, and I cannot interfere with His plan.  Since He is my Lord and Savior for me to give pills to take a life He creates would be for me to go against Him and His plan.

(R. Doc. 25-4, Exhibit 1).

In response, on May 14, 2004, the Hospital offered Lemly three alternatives to her present job duties: (1) working Monday through Wednesday in a part-time position at the Center; (2) applying to transfer to another nursing position at the Hospital; or (3) working Monday through Wednesday at the Center and two days in another hospital department. (R. Doc. 25-4, Exhibit 2).  The Hospital also attached a list of departments with openings for LPNs.  (R. Doc. 25-4, Exhibit 3).  The Hospital gave her until May 21, 2004 to make a decision.  On that day, plaintiff sent an email to Human Resources rejecting the Hospital's proposals.  (R. Doc. 25-4, Exhibit 3).  She rejected any switch to part-time since she would lose her health insurance,

disability insurance, paid holidays, and vacations.  She also stated that she reviewed the other LPN positions available and found that she was not qualified for the positions.  Plaintiff then proposed her own solution.  She proposed that she continue to work full time at the Center and continue to give immunizations on Fridays in the morning and afternoon.  On Thursdays, plaintiff proposed that she would remain productive by 1) pulling and making charts for immunization appointments; 2) calling KIDMED patients and scheduling appointments; and 3) working the front desk as needed.  (R. Doc. 25-4, Exhibit 3).

The Hospital rejected plaintiff's proposal.  It found that there was insufficient work unrelated to Family Planning to keep plaintiff busy on Thursdays and Fridays.  (R. Doc. 25-4, Exhibit 4).  The Hospital then reassigned plaintiff to a part-time position working Monday through Wednesday in the Center.

Plaintiff sued the Hospital in Louisiana state court, claiming religious discrimination under the Louisiana Employment Discrimination Law, La. Rev. Stat. Ann. § 23:332(A)(1).  She later amended her complaint to include a third party beneficiary claim under the non-discrimination provision of the contract between the Hospital and the Louisiana Department of Health and Hospitals.  Since the provision states that the Hospital must

abide by Title VII, defendant removed the case to federal court.[1] Defendant then brought this motion for summary judgment.[2]

## II. LEGAL STANDARD

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential

---

[1] Plaintiff filed a motion to remand to state court, but Judge Porteous issued an order denying the motion. (R. Doc. 20).

[2] Defendant filed a similar summary judgment motion in state court, and the court denied the motion. (R. Doc. 25-5).

element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere,* 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

**III. DISCUSSION**

    **A.   Third Party Beneficiary Claim**

Plaintiff asserts that she is a third party beneficiary, under the doctrine of *stipulation pour autrui*, to the non-discrimination clause in the Hospital's contract with the Louisiana Department of Health and Hospitals.  The clause provides:

> Contractor hereby agrees to adhere to the mandates dictated by Titles VI and VII of the Civil Rights Act of 1964, as amended; the Vietnam Era Veterans' Readjustment Assistance Act of 1974; Americans with Disabilities Act of 1990 as amended; the Rehabilitation Act of 1973 as amended; Sec. 202 of Executive Order 11246 as amended, and all requirements imposed by or pursuant to the regulations of the U.S. Department of Health and Human Services.  Contractor agrees not to discriminate in the rendering of services to and/or employment of individuals because of race, color, religion, sex, age, national origin, handicap, political beliefs, disabled veteran, veteran status, sexual orientation, or any other non-merit factor.

(R. Doc. 22-5 at 5). Defendant argues that plaintiff cannot recover under this contract since plaintiff is not an intended beneficiary of the contract.

Under the Louisiana Civil Code, a stipulated benefit for a third person not a party to the contract is a "stipulation pour autrui" and gives the third party beneficiary the right to demand performance from the promisor. La. Civ. Code art. 1978; *see also Meyer v. Tufaro*, 934 So.2d 861, 873 (La. Ct. App. 2006). A *stipulation pour autrui* is never presumed. *Smith v. State Farm Ins. Cos.*, 869 So.2d 909, 912-13 (La. Ct. App. 2004*).* To establish a *stipulation pour autrui*, there must be a clear expression of intent to benefit the third party, the third party-relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract. *Meyer*, 934 So.2d at 873; *Smith v. State Farm*, 869 So.2d at 912-13; *Concept Design, Inc. v. J.J. Krebs & Sons, Inc.*, 692 So.2d 1203, 1205-06 (La. Ct. App. 1997). The party demanding performance of a *stipulation pour autrui* bears the burden of proving the existence of the obligation. *Meyer*, 934 So.2d at 873; La. Civ. Code art. 1831.

The Court finds that the contract provision is not a *stipulation pour autrui*. The contract conveys no clear intent to benefit the employees of the Hospital. While the contract provision prohibits discrimination against employees based on

religion, the relevant provision does not confer a new benefit on employees since it merely requires the Hospital to abide by non-discrimination laws to which it is already subject. The clause is a "catch-all, boiler plate" clause that generally requires the Hospital to comply with federal law. *See Wallace v. Texaco, Inc.*, 681 F.2d 1088, 1090 (5th Cir. 1982) (holding that a clause in a construction contract that was boiler plate did not give employees a third party beneficiary claim).

Additionally, any benefit to the employees is incidental to the central purpose of the contract — to provide family planning services to patients at the Center. As stated in the contract, the parties entered into the agreement because:

> The Office of Public Health (OPH)or Office is concerned with the availability and accessibility of reproductive health care and;
>
> St. Tammany Parish Hospital is providing services in areas which are easily accessible to many Office of Public Health clients or potential clients and;
>
> Both the Office of Public Health and Contractor mutually agree that accessible, quality health care will encourage patients to acquire preventative health care at least partially negating the need for secondary and tertiary health care.

(R. Doc. 22-5 at 8). This statement of the contract's intent shows that any intended benefit to third parties is to the patients who would receive family planning services. The 14-page contract, including addendums and attachments, extensively

discusses the family planning services and sexually transmitted disease screening and treatment the Center will provide to patients. The thorough discussion of the services to be provided to patients further shows that the patients were the intended beneficiaries of the contract. The parties did not, however, state any intention to benefit the Hospital employees. Any discussion of Hospital employees is largely absent from the terms of the contract, other than the provision at issue and another provision providing that the Hospital shall "[t]rain appropriate staff." (R. Doc. 22-5 at 14). As such, the Court finds no evidence that the parties to the contract intended to benefit the employees. Additionally, there is no evidence that this third party relationship was consideration for any condition in the contract.

Analogously, another court found that personnel rules proscribing sex discrimination did not create third party beneficiary rights in employees. *See Dumas v. Jefferson Parish Sewerage Dep't, et. al*, 2001 U.S. Dist. LEXIS 8594 (E.D. La. 2001). In *Dumas*, the plaintiff brought a breach of contract claim against Jefferson Parish and its employees pursuant to the Regulations of Conduct that governed employee behavior. The court found that even if the regulations were arguably a contract, plaintiff was not an intended beneficiary of the contracts between Jefferson Parish and its other employees since

8

the language in the regulations was "clearly not confected for the specific benefit of [the] [p]laintiff." *Id.* at *9. As such, plaintiff could not bring contract claims against the other employees as a third party beneficiary to their employment contracts. *Id.* at *9. Similarly, the language in the contract at issue was not clearly intended to benefit Lemly. Thus Lemly is not a third party beneficiary under the contract and has no contractual claim against the Hospital. Accordingly, the Court GRANTS summary judgment to the defendant on this issue.

### B. Remand of State Law Claims

As summary judgment has been granted on plaintiff's claim under federal law, the only remaining claim is plaintiff's state law claim under the Louisiana Employment Discrimination Law (LEDL), La. Rev. Stat. § 23:332. Accordingly, the Court must consider whether to continue to exercise supplemental jurisdiction over plaintiff's claim under the LEDL. *See* 28 U.S.C. § 1367. A district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

>    (3) the district court has dismissed all claims over
>    which it has original jurisdiction, or
>
>    (4) in exceptional circumstances, there are other
>    compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In addition to the statutory factors, the court must also balance the factors of judicial economy, convenience, fairness, and comity.  *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002).  The Court has "wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."  *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).  Still, the "general rule" is to decline to exercise jurisdiction over pendent state-law claims when all federal claims have been eliminated prior to trial.  *Amedisys*, 298 F.3d at 446-47.  Here, plaintiff's remaining state law claim raises important and novel issues involving the statutory construction and legislative history of the LEDL.  The Louisiana state court is the best forum for adjudication of these issues.  Additionally, the Court has not addressed the merits of plaintiffs' state law claim, and thus no commitment of judicial resources weighs in favor of exercising supplemental jurisdiction.  There has been no pretrial order, and trial is not imminent.  Further, the Twenty-Second Judicial District Court is familiar with the claim, having already denied summary judgment on a similar motion filed in state court.  (See

R. Doc. 25-5). Although the lawsuit has been pending over a year in this Court, on balance, the Court finds that the rule counseling against the exercise of supplemental jurisdiction applies here.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment on plaintiff's contract claim and REMANDS this proceeding to the Twenty-Second Judicial District Court for the Parish of St. Tammany.

New Orleans, Louisiana, this __30th__ day of July, 2008.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE